UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JIMMY DEWAYNE SHELBY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-cv-164-PLC |
| CORIZON HEALTH CARE, INC., et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Jimmy DeWayne Shelby, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied as moot, and this case will be dismissed because it is duplicative of an action that is currently pending in this Court.

On January 29, 2018, plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983. He named Corizon Health Care, Inc., Shannon Oaks, Shannon Ownes, and Todd Renshaw as defendants. He alleged that the defendants were deliberately indifferent to his serious medical needs because they denied him necessary spinal surgery. In correspondence accompanying the complaint, plaintiff indicated his desire that the complaint be used to open a new case in this Court.

On March 2, 2017, plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983, and subsequently amended his complaint three times. He named as defendants Troy Steele, Corizon Health Care, Inc., Shannon Oaks, and Shannon Ownes. *Shelby v. Steele, et al.*, Case No. 4:17-cv-821-JAR (E.D. Mo. Mar. 2, 2017) (hereafter "*Shelby I*"). There, as here, plaintiff

alleged that the defendants were deliberately indifferent to his serious medical needs because they denied him necessary spinal surgery. In a Memorandum and Order dated December 15, 2017, the Court determined that plaintiff's individual capacity claims against defendant Shannon Oaks survived initial review, and issued process upon the amended complaint. The other defendants were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). On February 9, 2018, defendant Oaks answered the amended complaint, and a Case Management Order was entered on February 13, 2018. As of the date of this Memorandum and Order, that case remains pending.

In the instant case, plaintiff filed a document titled "Compulsory Joinder." (Docket No. 6). Therein, plaintiff avers that the instant case involves the "same circumstances, derived from the same conditions and symptoms of the plaintiff, having the same situations in occurrences of acts and omissions" as *Shelby I*, and states that review of the instant case will reveal that it is "the same case" as *Shelby I* and that there is in fact "one case before the court." (*Id.* at 1).

As plaintiff himself acknowledges, the instant case raises the same claims based upon the same facts as in *Shelby I*. The only difference is that here, plaintiff seeks to renew claims against defendants who were dismissed from *Shelby I*, and to name an additional defendant he could have, but did not, name in *Shelby I*. However, plaintiff cannot file a duplicative complaint to essentially circumvent the prior dismissal of certain defendants, or to remediate his failure to name a defendant. *See Curtis v. Citibank*, 226 F.3d 133, 140 (2nd Cir. 2000) ("plaintiffs may not file duplicative complaints in order to expand their legal rights."). In addition, plaintiff should not have to become responsible for paying two filing fees when the issues he seeks to raise here can be addressed in *Shelby I*. The Court concludes that this case is merely duplicative of *Shelby I*, and it is therefore subject to dismissal. *See Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming 28 U.S.C. § 1915 dismissal on ground that "district courts may dismiss a

2

duplicative complaint raising issues directly related to issues in another pending action brought by the same party").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this \_\_\_\_23rd\_\_\_\_ day of March, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE